**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 29 1999**

**PATRICK FISHER**
**Clerk**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

L & T FABRICATION &
CONSTRUCTION, INC.

    Petitioner,

v.

THE SECRETARY OF LABOR;
FEDERAL MINE SAFETY AND
HEALTH REVIEW COMMISSION,

    Respondent.

No. 99-9523

---

PETITION FOR REVIEW FROM THE
FEDERAL MINE SAFETY AND HEALTH REVIEW COMMISSION
(Petition No. EAJ 99-1)

---

**ORDER**

---

Before **ANDERSON**, **EBEL** and **MURPHY**, Circuit Judges

---

This is a direct appeal from an order of an Administrative Law Judge (ALJ)

denying the petitioner attorney fees and expenses under the Equal Access to Justice

Act (EAJA), 5 U.S.C. § 504. We dismiss for lack of jurisdiction.

The petitioner was cited for a violation of a safety standard under the Federal

Mine Safety and Health Act of 1977. The petitioner contested the citation and the accompanying civil penalty proposal. The ALJ affirmed the citation but reduced the proposed penalty. Neither the Secretary of Labor nor the petitioner appealed to the Federal Mine Safety and Health Review Commission. After the decision became final pursuant to 30 U.S.C. § 823(d)(1), the petitioner moved under the EAJA for attorney fees and expenses. The ALJ denied the application, concluding that the proposed penalty was neither substantially in excess of the of the penalty assessed nor unreasonable when compared to that decision. 5 U.S.C. § 504(a)(4). The petitioner then filed this appeal as well as a petition for review with the Commission.

The EAJA provides that:

> [a]n agency that conducts an adversary adjudication shall award, to a prevailing party other than the United States, fees and other expenses incurred by that party in connection with that proceeding, unless the adjudicative officer of the agency finds that the position of the agency was substantially justified or that special circumstances make an award unjust.

5 U.S.C. § 504(a)(1). The Act goes on to provide that:

> (3) The adjudicative officer of the agency may reduce the amount to be awarded, or deny an award, to the extent that the party during the course of the proceedings engaged in conduct which unduly and unreasonably protracted the final resolution of the matter in controversy. The decision of the adjudicative officer of the agency under this section shall be made a part of the record containing the final

2

decision of the agency and shall include written findings and conclusions and the reason or basis therefor. *The decision of the agency on the application for fees and other expenses shall be the final administrative decision under this section.*

(4) If, in an adversary adjudication arising from an agency action to enforce a party's compliance with a statutory or regulatory requirement, the demand by the agency is substantially in excess of the decision of the adjudicative officer and is unreasonable when compared with such decision, under the facts and circumstances of the case, the adjudicative officer shall award to the party the fees and other expenses related to defending against the excessive demand, unless the party has committed a willful violation of law or otherwise acted in bad faith, or special circumstances make an award unjust. Fees and expenses awarded under this paragraph shall be paid only as a consequence of appropriations provided in advance.

5 U.S.C. § 504(a)(3) and (4)(emphasis added).

The petitioner argues that, because under the statutory language found in subsection (1), that "unless the adjudicative officer of the agency finds," and in subsection (3), that the "decision of the adjudicative officer shall be made part of the record containing the final decision of the agency,", the decision of the ALJ is the final agency decision and is therefore immediately appealable to this court. This argument is without merit.

It is clear from the emphasized language of the statute above that the final decision is not that of the ALJ , but rather that of the agency.

The petitioner contends that the legislative history supports its position. We

3

disagree. "When the terms of the statute are clear and unambiguous, that language is controlling absent rare and exceptional circumstances." *True Oil Co. v. Commissioner*, 170 F.3d 1294, 1299 (10th Cir. 1999) (citation and quotation omitted). However, even upon review of the legislative history, we conclude that the history accompanying the 1985 amendments supports our interpretation.

> The legislation allows the agency rather than the adjudicative officer to make the final decision on the fee award at the agency level.

H.R. Rep. No. 99-120 (I), *reprinted in* 1985 U.S.C.C.A.N. 132, 135. The addition of the last sentence to § 504(a)(3), which is emphasized above,

> explicitly adopts the view that the agency makes the final decision in the award of fees in administrative proceedings under section 504. This follows the view adopted by the Administrative Conference and recognizes the fact that decisions in administrative proceedings are generally not final until they have been adopted by the agency.

*Id*. at 142. Moreover, "[u]nder the provisions of the bill the government may not appeal fee decisions by the agency." *Id*. at 145.

The petitioner makes much of the reference to *McDonald v. Schweiker*, 726 F.2d 311 (7th Cir. 1983) and *Mass. Union Public Housing Tenants v. Pierce*, 755 F.2d 177 (D.C. Cir. 1985) on page 14 of the House Report. However, this reference sentence was deleted in the supplemental House Report. H.R. Supp. Rep. No. 99-

4

120 (II), *reprinted in* 1985 U.S.C.C.A.N. 151, 155.

Our reading of the statute is also supported by case law. In *Smith v. NTSB*, 992 F.2d 849, 852 (8th Cir. 1993), the court, citing to § 504(a)(3), held that the decision of the Board and not the ALJ was the final decision subject to review. The Sixth Circuit came to the same conclusion in *Lion Uniform, Inc. v. N.L.R.B.*, 905 F.2d 120, 123 (6th Cir.) ("While the decision on an application for fees is initially made by the adjudicative officer, the final administrative decision is that of the agency."), *cert. denied*, 498 U.S. 992 (1990).

**APPEAL DISMISSED**. The mandate shall issue forthwith.


ENTERED FOR THE COURT

PER CURIAM